IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DONNA BETTS, as next friend of M.B., § § § *Plaintiff*, § § v. § Civil Action No. 1:24-cv-01411 § AUSTIN INDEPENDENT SCHOOL § DISTRICT, § § *Defendant*. § | |

**DEFENDANT AUSTIN INDEPENDENT SCHOOL DISTRICT'S
NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Austin Independent School District ("AISD," "Austin ISD" or "the District") files its Notice of Removal of this action from the County Court at Law #2, Travis County, Texas, Cause No. C-1-CV-24-003816, styled *Donna Betts, as next friend of M.B. v. Austin Independent School District*, to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this Notice, Austin ISD states as follows:

**I.
FILINGS IN THE STATE COURT**

In accordance with 28 U.S.C. § 1446(a), all state court filings to date have been indexed and attached hereto as **Exhibit A**.

**II.
PROCEDURAL BACKGROUND**

1. On July 16, 2024, Plaintiff commenced this action against AISD in county court by filing an Original Petition (the "Petition") in County Court at Law #2, Travis County, Texas (the "State Court Lawsuit"). *See* **Exhibit A-2**.

2. AISD accepted service of the State Court Petition on October 17, 2024. *See* **Exhibit A-3.**

3. AISD filed its Original Answer in the State Court Lawsuit on November 12, 2024. *See* **Exhibit A-4.**

4. In the State Court Petition, Plaintiff asserts three separate causes of action: 1) a violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"); 2) a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. 12131, et seq. ("ADA"); and 3) a breach of contract under Texas state law. Petition, p. 5-7.

5. AISD timely files this Notice of Removal within thirty (30) days of its receipt of the State Court Petition as required by 28 U.S.C. § 1446(b).

## III.
## BASIS FOR REMOVAL

*A.   This case involves a federal question, thus conferring original jurisdiction in federal court.*

A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a case from state court to federal court is appropriate when a plaintiff's complaint makes a claim "arising under" federal law. 28 U.S.C. § 1441. In determining whether federal-question jurisdiction is present, the Supreme Court follows the "well-pleaded complaint rule," which looks to whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists in cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In making determinations under

the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22.

Both Section 504 and the ADA are federal laws protecting the rights of students with disabilities in public schools. Section 504, 29 U.S.C. § 794, *et seq.*, establishes a comprehensive framework of protections for student with disabilities, including a guarantee of a Free Appropriate Public Education ("FAPE"), 34 C.F.R. 104.33(a); an anti-discrimination guarantee, 34 C.F.R. 104.4 (a); and an anti-retaliation mandate, 34 C.F.R. 100.7(e).

Likewise, the ADA incorporates similar and parallel protections for students with disabilities, demanding that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. §12132.

Section 504 and Title II of the ADA are often read as simultaneously guaranteeing similar rights in public schools. As the Fifth Circuit explains:

> The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973, and Congress' intent was that Title II extend the protections of the Rehabilitation Act "to cover all programs of state or local governments, regardless of the receipt of federal financial assistance" and that it "work in the same manner as Section 504." In fact, the statute specifically provides that "[t]he remedies, procedures and rights" available under Section 504 shall be the same as those available under Title II. Jurisprudence interpreting either section is applicable to both. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). The Fifth Circuit has also acknowledged that "this court has equated liability standards under § 504 and the ADA." *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir.2010).

Plaintiff's State Court Petition expressly outlines two separate counts of violations of federal law for both Section 504 and the ADA related to Plaintiff's education in Defendants schools and raises a federal question sufficient to establish federal court jurisdiction. Exhibit A-2, p. 5-7. The allegations underscore alleged violations of these statutes based on education at

Defendant's schools. All these allegations center on and relate to the alleged discrimination under Section 504 or the ADA and the delivery of appropriate education to their child under Section 504.

As a result, Plaintiff's allegations in this case give rise to questions related to the federal guarantee of rights under Section 504 and Title II of the ADA and thus involve a federal question over which a federal district court has subject matter jurisdiction.

### B. The Court may also exercise supplemental jurisdiction over Plaintiff's state law breach of contract claim.

Even if the Court believes Plaintiff has properly pleaded a breach of contract claim that is separate and apart from a Section 504 claim, the Court's exercise of supplemental jurisdiction over Plaintiff's breach of contract claim is appropriate. Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court may decline to exercise supplemental jurisdiction over a related state law claim only if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id*.

A review of Plaintiff's State Court Petition makes it clear Plaintiff's true intent is to pursue relief for Section 504 and ADA violations, which predominate over the breach of contract claim, not the other way around. Further, a breach of contract claim is not a novel or complex state law subject matter. Plaintiff alleges a violation of rights afforded to the Plaintiff under Section 504 and the ADA, which were also purportedly outlined in the settlement agreement. *See* Exhibit A-2, ¶27. And Petitioner alleges AISD failed to guarantee those federal rights in various ways, which can be

construed as stating a claim under Section 504 or the ADA. *See id.*, ¶¶12(b)-(c); *see, e.g.*, *Miksis v. Evanston Twp. High Sch. Dist. # 202*, 235 F. Supp. 3d 960, 984 (N.D. Ill. 2017), as amended (Feb. 2, 2017) (exercising supplemental jurisdiction over breach of settlement agreement claim because allegations could be construed as also stating a claim under federal law).

C.  *Plaintiff's state law claim turns on interpretation of a federal question.*

Success of Plaintiff's contract claim is likewise predicated on the interpretation of the district's obligations to the Student under federal law. Since AISD enjoys broad sovereign immunity, only a specific and express waiver of liability serves to confer jurisdiction on the courts. Because liability only exists where federal law confers rights to the student, enforcement of the settlement agreement turns on liability under federal law.

Governmental entities are, by default, entitled to governmental immunity unless the legislature has waived immunity for specific statutory claims. A governmental entity cannot waive immunity from suit simply by entering into a contract. *Clear Lake City Water Auth. v. Friendswood Dev. Co.*, Ltd., 256 S.W.3d 735, 740 (Tex. App.—Houston [14th Dist.] 2008), *disapproved of by Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012) on other grounds. Only clear and unambiguous statutory language can waive governmental immunity. *See id.*

Texas Local Government Code Chapter 271, Subchapter I, colloquially known as the Local Government Contract Claims Act, operates as a limited statutory waiver of a local governmental entity's immunity from suit in certain breach of contract cases. *See Zachry Constr. Corp. v. Port of Houston Authority of Harris Cnty.*, 449 S.W.3d 98, 106–07 (Tex. 2014) (citing Tex. Loc. Gov't Code §§ 271.152, .153). Section 271.152 of the Local Government Code states:

> A local government entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, ***subject to the terms and conditions of this subchapter***.

Tex. Loc. Gov't Code § 271.152 (emphasis added). A "contract subject to this subchapter" is limited to "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* at § 271.151(2); *See also West Tex. Mun. Power Agency v. Republic Power Partners L.P.*, 428 S.W.3d 299, 306–10 (Tex. App.—Amarillo 2014, no pet.) (stating that for breach of contract claims against a government entity, "there is but one route to the courthouse and that route is through Section 271.152 of the Local Government Code").

Although the Settlement Agreement at issue in this case is not an agreement to provide goods or services to the local governmental entity, the District acknowledges that in the context of settlement agreements, courts have recognized a limited exception. In *Texas A & M University – Kingsville v. Lawson*, the Texas Supreme Court held that the state university, having waived immunity from suit by its former employee, could not claim immunity from former employee's suit to enforce the settlement agreement. 87 S.W.3d 518 (Tex. 2002). Appellate courts have since expanded on the holding of *Lawson*, holding that "whereas a governmental entity does not have immunity from a suit for the breach of a settlement agreement when it was not immune from the underlying lawsuit [as in *Lawson*], a governmental entity *does have* immunity from a suit for the breach of a settlement agreement when it was immune from the underlying lawsuit." *City of San Saba v. Higginbotham*, 2018 WL 2016463, *2 (Tex. App.—Austin May 1, 2018, no pet. h.) (mem. op.) (emphasis in original); *see also A.I. Divestitures, Inc. v. Texas Comm'n on Envtl. Quality*, No. 03–15–00814–CV, 2016 WL 3136850, at *8 (Tex. App.—Austin June 2, 2016, no pet.) (mem. op.) ("[B]ecause the Commission did not waive its sovereign immunity, the AFJ does not constitute an agreement settling a claim for which the Commission has waived its immunity . . . . The *Lawson* exception to sovereign immunity is simply not implicated when there has been no

legislative waiver of the State's immunity."); *Texas Dep't of Health v. Neal*, No. 03–09–00574–CV, 2011 WL 1744966, at *4 (Tex. App.—Austin May 6, 2011, pet. denied) (mem. op.) ("The legislature has not waived immunity from suit over settlement agreements generally. It is important to note that the [*Lawson*] plurality expressly avowed this rule . . . and found a waiver of immunity in the situation at bar only because it concluded that the Legislature intended one.") (citations omitted). As a result, the District maintains immunity from suit for claims from which it was originally immune.

Even if Plaintiff could simultaneously pursue her state law claim as a breach of contract, removal would still be appropriate because resolution of the claim would turn on an interpretation of the AISD's obligations under Section 504 and the ADA to provide appropriate educational supports and services. For example, in *Untermyer v. College of Lake County*, a student brought a breach of contract claim against his college for allegedly failing to accommodate his disability based on a contract allegedly created from the college's course catalog. 284 F. App'x 328, 329 (7th Cir. 2008). The Seventh Circuit affirmed the district court's determination that the basis of the claim was in Section 504 of the Rehabilitation Act and the Americans with Disabilities Act because the course catalog merely stated that the college complies with those Acts in providing services to students with disabilities. *Id*. The Seventh Circuit concluded, however, that even a contractual claim based on the language of the course catalog referencing Section 504 and the ADA would "still arise under federal law" and was properly removed. *See id*. at 330–31. Likewise, here the Settlement Agreement merely outlines what steps the District will take to comply with Section 504 and the ADA.

As a result, even the pursuit of the separate breach of contract claim without express reference to the allegations under Section 504 and the ADA, the question of liability under state

law may turn on the interpretation of liability under Section 504 and the ADA. As a result, removal is proper.

## IV.
## STATE COURT FILINGS

15. In accordance with 28 U.S.C. § 1446(a), copies of the following items are attached to this Notice of Removal:

    A. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (*See* **Exhibit A**);

    B. A copy of the docket sheet in the state court action (*See* **Exhibit A-1**); and

    C. A copy of all process, pleadings, and orders served upon defendant (*See* **Exhibits A-2-4**).

## V.
## CONCLUSION

Because the Petition expressly alleges violations of federal law, Defendant AISD removes this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. Furthermore, Defendant AISD proposes the court exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. AISD respectfully requests this Court accept removal of this lawsuit.

Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of the District's rights to assert any defenses to Plaintiff's causes of action or grounds for removal. If any question arises as to the propriety of the removal of this action, the District requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

Respectfully submitted,
**THOMPSON & HORTON LLP**

*/s/ Holly McIntush*
Holly McIntush
State Bar No. 24065721
hmcintush@thompsonhorton.com

Andrew Tatgenhorst
State Bar No. 24094975
atatgenhorst@thompsonhorton.com

8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
T: 512.580.5725
F: 713.583.8884

**ATTORNEYS FOR DEFENDANT AUSTIN INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

On November 15, 2024, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Holly McIntush*
Holly McIntush